

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00335-CR

Richard **LOPEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 4, Bexar County, Texas
Trial Court No. 552274
Honorable Jason Roland Garrahan, Judge Presiding

PER CURIAM

Sitting:      Irene Rios, Justice
              Beth Watkins, Justice
              Liza A. Rodriguez, Justice

Delivered and Filed: January 16, 2019

AFFIRMED

A jury found appellant Richard Lopez guilty of driving while intoxicated. Based upon the jury's recommendation, the trial court assessed appellant's punishment at ten month's community supervision. We affirm.

## DISCUSSION

We first note Lopez is pro se on appeal and he did not file an appellate brief despite being given the opportunity to do so. After this court remanded the cause to the trial court, the trial court scheduled an abatement hearing for September 28, 2018 and sent notice of the court's setting to

Lopez's last known address. Lopez did not respond to the trial court's docket call on September 28, 2018. The trial court found Lopez did not appear as ordered and made no effort to contact the trial court, indicating a lack of interest in pursuing this appeal. Because Lopez did not respond to the trial court's notice of setting, the trial court was unable to review Lopez's indigency. The trial court concluded Lopez abandoned this appeal.

Under these circumstances, we may consider the appeal without briefs pursuant to Texas Rule of Appellate Procedure 38.8(b)(4). TEX. R. APP. P. 38.8(b)(4) (when "the trial court has found that the appellant no longer desires to prosecute the appeal, … the appellate court may consider the appeal without briefs, as justice may require"). Upon our review of the clerk's record,[1] we find no unassigned fundamental error.

### CONCLUSION

We affirm the trial court's judgment.

PER CURIAM

DO NOT PUBLISH

---

[1] No reporter's record was filed in this appeal. Lopez did not respond to this court's order that he provide written proof that he had designated and paid for a reporter's record. *See* Tex. R. App. P. 37.3(c) (allowing appellate court to "consider and decide those issues or points that do not require a reporter's record for a decision").